UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDGAR M. PORRAS,

        Plaintiff,

    v.

JO ANNE B. BARNHART,

        Defendant.

CASE NO. C04-1436JLR

ORDER

## I.    INTRODUCTION

This matter comes before the court on an unopposed motion for summary judgment filed by Defendant (Dkt. # 17). Plaintiff has not opposed Defendant's motion, nor requested oral argument. Having considered the documents filed in support of this motion, the court GRANTS Ms. Barnhart's motion.

## II.    BACKGROUND

In September 2000, the Social Security Administration ("SSA") hired Plaintiff Edgar Porras as a claim representative on a probationary basis. Mr. Porras worked for less than one year before SSA fired him. During that time, Mr. Porras admittedly struggled to keep up with his assignments. Mittet Decl., Exh. A at 23-26. As a result, SSA Supervisor, Cyndra Jones, met with Mr. Porras on several occasions to discuss his job performance. Mittet Decl., Exh. B at 3. Mr. Porras' SSA mentor, Liz Permann, also provided extensive feedback on his work. Mittet Decl., Exh. F. Even so, by June 2001,

ORDER – 1

SSA informed Mr. Porras that it would be withholding his grade increase based on his poor performance. One month later, SSA sent a letter to Mr. Porras notifying him that he would be terminated as of August 3, 2001. Mittet Decl., Exh. E.

Mr. Porras filed suit against SSA Commissioner Jo Anne Barnhart alleging employment discrimination on the basis of age. Defendant now moves for summary judgment.

### III.   DISCUSSION

**A.   Legal Standard**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). For purposes of the motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

When a non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that the court may not grant summary judgment merely because a motion is unopposed, even where local rules are to the contrary). The court must determine if the moving party's papers are sufficient to

ORDER – 2

demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law. Id. at 950.

**B.     Mr. Porras' Age Discrimination Claim**

Mr. Porras bases his age discrimination claim solely on the following, as stated in his complaint: "no proper training; given material to do that I wasn't trained for; supervisor not allowing me to work overtime; condescending attitude of supervisors and fellow workers." Pl.'s Compl. at 3.

The Age Discrimination in Employment Act ("ADEA") protects employees who are at least 40 years old from age-based workplace discrimination. 29 U.S.C. § 633a. Standards of proof in ADEA cases parallel those in discrimination cases brought under Title VII. Pottenger v. Potlatch Corp., 329 F.3d 740, 745 (9th Cir. 2003) (applying Title VII framework to ADEA claim); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (assuming Title VII framework applies to ADEA claims). The evidentiary framework for Title VII claims derives from the Supreme Court's decision in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under the familiar McDonnell Douglas framework, an ADEA plaintiff establishes a prima facie case of age discrimination by showing that: (i) at the time he was fired, he was a member of the class (at least 40 years of age), (ii) he was performing his job in a satisfactory manner, (iii) he was discharged by the defendant, and (iv) replaced by a person outside of the protected class. Reeves, 530 U.S. at 142; Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994).[1]

---

[1] An ADEA plaintiff may also make out a prima facie case through direct evidence of intentional discrimination. Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003). Because Mr. Porras has not provided such evidence, the court considers his claim under the McDonnell Douglas framework which enables Mr. Porras an inference of discrimination based on indirect or circumstantial evidence.

ORDER – 3

If plaintiff demonstrates a prima facie case, the burden then shifts to the defendant to produce evidence demonstrating a legitimate, nondiscriminatory reason for the alleged adverse employment action. McDonnell Douglas, 411 U.S. at 802. Although an intermediate burden of production shifts to the defendant at this stage, the ultimate burden of persuasion remains on the plaintiff at all times. Reeves, 530 U.S. at 143; (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-253 (1981)). Once the defendant satisfies this burden of production, the presumption that the defendant discriminated "drops from the case," and the plaintiff must show that the defendant's alleged reason for termination was merely a pretext for discrimination. Id. To demonstrate pretext, a plaintiff must "put forward specific and substantial evidence challenging the credibility of the employer's motive." Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

Here, a comparison of Mr. Porras' complaint to Defendant's motion reveals that Defendant has demonstrated an absence of genuine issues of material fact and therefore, is entitled to judgment as a matter of law. Defendant does not dispute that Mr. Porras, as a man of fifty years of age at the time of termination, is a member of a protected class. Defendant also does not dispute that SSA terminated Mr. Porras. Mr. Porras' prima facie case fails, rather, because he admits that he was not performing up to SSA's expectations. Mittet Decl., Exh. A at 23-26; Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1075 (9th Cir. 1986) (plaintiff must show that he was performing his job well enough to rule out the possibility that he was fired for inadequate job performance). Although Mr. Porras alleges that his training was inadequate, Defendant points to undisputed evidence that Mr. Porras received as much training, if not more, than other new hires. For example, Mr. Porras testified that he attended advanced training sessions in addition to the mandatory thirteen-week training course for other new hires. Id. at 20. Mr. Porras

ORDER – 4

also does not dispute that he received extensive feedback from an SSA mentor, Liz Permann, who reviewed all of his work.  Id. at 26-27, 31.  Although Mr. Porras seems to indicate that Ms. Permann "picked on" him when she pointed out his mistakes, he agrees that his feelings were not based on the content of her feedback, but based on the tone of her voice.  Id. at 26 ("like any situation where you are learning, of course you have to point out mistakes.  I guess it was the way it was pointed out.").

Even if the court assumes that SSA prevented him from performing satisfactorily at his job based on inadequate training, Mr. Porras' prima facie case fails for a second reason: Mr. Porras fails to bring forth any facts indicating that SSA replaced him with a younger hire.  See, e.g., Pejic v. Hughes Helicopters, 840 F.2d 667, 673 (9th Cir. 1988) (holding that plaintiff failed to establish a prima facie case where he failed to provide any evidence regarding his level of performance or any indication that he was replaced by somebody outside of the protected class).  Indeed, Defendant provides evidence that another claims representative trainee over the age of 40 was successful in keeping pace with the program and continues to work for the SSA.  Mittet Decl., Exh. B. at 3.

As a concluding remark, the court notes that although the amount of proof to establish a prima facie case is "minimal," Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002), Mr. Porras must at least provide some evidence that supports an inference of discrimination in order to survive summary judgment.  Instead, Mr. Porras testified that nobody ever made any comments about his age.  Mittet Decl. Exh. A. at 27.  Indeed, when Defendant's counsel plainly asked Mr. Porras whether he believed he was treated unfairly because of his age, Mr. Porras unequivocally said, "No."  Id. at 28.  Mr. Porras went on to indicate that he filled in a standard employment discrimination complaint form, marking "other" and filling in "age" based on nothing more than a whim: "That's just one I picked.  There's no logic to why I picked it.  I mean, you have to pick

ORDER – 5

something I think from the list there . . . ." Mittet Decl., Exh. A at 28 (referring to standard complaint form which lists: race or color, religion, sex, national origin, or other). Thus, even taking Mr. Porras' allegations as true, the court concludes that he has failed to make out a prima facie case of discrimination based on age. Accordingly, the court GRANTS Defendant's motion for summary judgment.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendant's motion for summary judgment (Dkt. # 17).

Dated this 11th day of January, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 6